UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER BRANCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.1:15-cv-1116 |
| ) | |
| ESKENAZI HEALTH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

Plaintiff Jennifer Branch ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against Defendant Eskenazi Health. ("Eskenazi"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This is an action seeking declaratory, injunctive and equitable relief, as well as compensatory, liquidated and punitive damages, to redress Defendant's unlawful employment practices in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, as amended ("ADAAA") (collectively, the "ADA"), and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq.,

2. Plaintiff claims that she was terminated because of her disability or perceived disability; and due to her gender (female) by her male supervisor.

3. Defendant's discriminatory termination of Plaintiff due to her disability and gender was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff. This

unlawful conduct has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and to her personal and professional reputation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question regarding the depravation of Plaintiff's rights under federal and state law. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. §§ 12101, *et seq.,* and Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e-5(f)(1) and (3) ("Title VII").

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is conducting business in the Southern District of Indiana, and a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Indiana.

## PARTIES

6. Plaintiff is a female citizen and resides in Indianapolis, Marion County, Indiana.

7. Plaintiff is a qualified individual with a disability as defined by 28 U.S.C. § 12131, and IC § 22-9-5-16, and said disability limits a major life function.

8. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes and was employed by Defendant as a Surgical Material Technician.

9. Upon information and belief, at all times relevant herein, Defendant was a private non-profit domestic corporation with its principal place of business located at 720 Eskenazi Avenue, Indianapolis, Indiana 46202 and duly registered to conduct business in the State of Indiana; was conducting business in the State of Indiana; and continues to transact business in the State of Indiana, including Marion County, Indiana.

## PROCEDURAL REQUIREMENTS

10. On or about July 31, 2014, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA, and Title Vii of the Civil Rights Act of 1964. This discrimination charge arose out of the same facts alleged herein.

11. On or about April 20, 2015 Plaintiff received her Notice of Suit Rights from the EEOC. This action has been filed within 90 days of Plaintiff's receipt of her Notice of Suit Rights from the EEOC.

12. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

13. Defendant Eskenazi operates a non-profit health care facility located in Indianapolis, Indiana.

14. At all relevant times, Jennifer Branch ("Branch") was employed by Defendant as a Material Surgical Technician.

15. Sometime on or about September 16, 2013 Branch was hired by Eskenazi Defendant as a Material Surgical Technician located at 720 Eskenazi Avenue, Indianapolis, Indiana.

16. At all relevant times, Jeff Walters ("Walters") was a Manager and Branch's immediate supervisor over Branch and had the authority to directly affect the terms and conditions of Branch's employment, and was acting within the course and scope of his employment with Defendant Eskenazi.

17. During the course of Branch's employment, Walters would make remarks about female employees that he supervised, including but not limited to remarks often calling female

employees "Bitches", and stating he did not like female employees with children and making statements as "Fuck Your Kids" and "Fuck your Family".

18. When another female employee applied for a position superior to Walters, Walters stated: "He did not want no Bitch to be over him."

19. Walters had created a hostile work environment based on gender.

20. On or about May 22, 2014, Branch had requested a leave from work due to a previous back injury Branch had sustained.

21. On or about May 22, 2014, Branch requested a leave of absence as an accommodation for her disability.

22. Branch notified Eskenazi that she would need to be absent from work from May 22, through July 6, 2014.

23. Eskenazi granted Branch's leave of absence request.

24. After Branch started her leave of absence, Branch learned through co-workers that Walters had been telling other employees that Branch was terminated from employment with Eskenazi because of 'insubordination'.

25. During her leave, Branch was told by Karen Duncan of Eskenazi's Human Resources Department that Eskenazi would not 'hold open' Branch's position, but could re-apply for another job.

26. Approximately two weeks after Branch began her leave of absence, Eskenazi had posted a vacancy for Branch's position.

27. Sometime on or about June 22, 2014, Branch faxed Teri Gardner in Eskenazi's Human Resources Department a return to work certificate from Branch's healthcare provider, Oliver Family Healthcare, releasing Branch to return to work on July 7, 2014.

28. Since on or about July 7, 2014, Eskenazi has not restored Branch to her employment as a Surgical Medical Technician.

29. Upon information and belief, since July 7, 2014, Eskenazi had not filled Branch's position.

30. Since July 7, 2014 Branch has had no communication from Eskenazi about returning to her position as a Surgical Medical Technician.

31. Since on or about July 7, 2014, Branch was never told by Eskenazi as to why her employment was terminated.

32. Plaintiff avers, upon information and belief, that her termination from employment for insubordination was pretextual and in violation of federal law.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of the ADA)**

33. Branch realleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

34. Branch is a qualified individual within the meaning of §12111(8) of the ADA.

35. Eskenazi terminated plaintiff because of her disability in violation of the ADA.

36. Eskenazi has discriminated against Plaintiff in violation of the ADA by denying her equal terms and conditions of employment, including but not limited to, terminating her employment under the guise of insubordination, because of her disability, Eskenazi regarded her as disabled, and/or because of Branch's record of disability.

37. As a direct and proximate result of Eskenazi's unlawful and discriminatory conduct in violation of the ADA, Branch has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages.

38. Eskenazi's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the ADA for which Branch is entitled to an award of liquidated damages.

## SECOND CAUSE OF ACTION
### Discrimination Based on Gender

39. Branch realleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

40. Since beginning sometime in 2013 to date, Eskenazi has engaged in unlawful employment practices in violation of Title VII. The practices include the following non-exclusive list of particulars:

    a. subjecting the Plaintiff to a hostile work environment based on gender;
    b. disparate treatment based on gender;
    c. wrongful termination based on gender;

41. The result of the practices complained of above has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her gender.

42. The unlawful employment practices complained of above were intentional.

43. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

44. Branch has suffered an adverse employment action by Defendant Eskenazi.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

A. Grant a declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States;

6

B. Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. Grant an order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiff, or in lieu of reinstatement front-pay;

D. Grant an award of compensatory and liquidated damages in an amount to be determined at trial, plus pre-judgment interest, to compensate the Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. Grant an award of punitive damages, plus pre-judgment interest, to compensate the Plaintiff for her humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity;

F. Grant an award of punitive damages, plus pre-judgment interest, to compensate Plaintiff for harm to her personal reputation and loss of career fulfillment;

G. Grant an award of punitive damages for their willful, wanton, malicious and reckless conduct described above, in amounts to be determined at trial;

H. Grant an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

I. Grant an award to the Plaintiff for attorney fees and costs of this action; and

J. Grant such further relief as the Court deems necessary and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,


/s/John Robert Panico_____
John Robert Panico, IN Bar No. 24039-48
PANICO LAW LLC
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
jpanico@discriminationlawgroup.com

*Counsel for Plaintiff Jennifer Branch*